IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>JACQUELINE HUDSON AMOLE,<br><br>                Defendant. | Case No.: 8:24-cr-00123-TDC-1 |

**DEFENDANT JACQUELINE HUDSON AMOLE'S SENTENCING MEMORANDUM**

## I.    INTRODUCTION

Defendant Jacqueline Hudson Amole is a 72-year-old woman who comes before the Court for sentencing with a long history of law-abiding conduct, stable family life, and contributions to the community. The Presentence Investigation Report calculates her Total Offense Level as 2, including downward adjustments as a Zero-Point Offender and for Acceptance of Responsibility. The Government agreed in the plea agreement reached with Ms. Amole that it would not oppose a sentence of probation, and the presentence report confirms that Ms. Amole is eligible for such a sentence. A minimal sentence of probation—i.e., no more than six months as recommended by the Probation Office—is justified and appropriate, given the facts in this case.

## II.    THE INDIVIDUAL BEFORE THE COURT

Ms. Amole has lived her whole life in Maryland. After graduating from high school, she began working at Goddard Space Flight Center, where her boss spotted her capabilities and encouraged her to go to college. After attending Prince George's County Community College for three years, and while still working at a full-time job, she transferred to the University of Maryland and graduated in 1980 with a degree in accounting. She married Mark Amole in 1986, and they have been happily married for 38 years. They have two grown sons, Ian Blake Amole (age 35),

and Nicholas Austin Amole (age 29), who live nearby and remain close to their parents. The Amoles own their home and have a stable financial status.

Ms. Amole has a history of long-term work for a small number of employers over the many years of her career. She has been retired since early 2023. She also has a longstanding record of community service, volunteering over the course of many years at her church by providing a ride to church on Sunday for the elderly, managing the nursery, or driving someone to buy groceries or pick up medications. More recently, she has become involved in the quilting group at the church, making quilts for newborns and lap quilts for the elderly, and knitting hats for the homeless.

Ms. Amole suffers from some health issues. She has heart disease and a stent in her heart. She is under the regular care of a cardiologist and takes medication for high cholesterol and osteoporosis. Because of developing problems with her memory and mild cognitive impairment, she was referred on April 29 of this year to an Alzheimer's research study in Fairfax, Virginia, participation in which requires travel from her Maryland residence to Fairfax, Virginia for further testing and monthly infusions. She is anxious to be part of this 18-month study as she lost her mother to Alzheimer's Disease and wants to help others.

Ms. Amole pleaded guilty to the offense pre-indictment and has accepted full responsibility for the offense. She has apologized to the Court, the Government, NASA, the community, and her family. This incident has caused her anxiety and depression, and she is receiving weekly counseling to deal with the consequences of her actions.

### III.     THE SENTENCING FACTORS UNDER 18 U.S.C. § 3553(A)

Ms. Amole respectfully submits that, based on a consideration of all the relevant factors under 18 U.S.C. § 3553(a), and for the reasons described below, a minimal sentence of probation (no more than six months) is sufficient and not greater than necessary in this case.

A.      **The Nature And Circumstances Of The Offense (18 U.S.C. §3553(a)(1))**

Ms. Amole, who was tasked by her employer with assisting another employee to complete a Facility Clearance Request, entered a false contract identification number on the accompanying Form DD254, entitled "Contract Security Classification Specification."  The application was submitted to the Department of Defense on or about May 5, 2020.  This was not a crime motivated by personal greed or malice.  Ms. Amole was a salaried office worker and did not receive any personal benefit from submitting the false form.  If anything, this was a crime motivated by her desire to do her job and get tasks done quickly.  Ms. Amole has learned the hard way that there are no shortcuts in life.  That being said, Ms. Amole is now retired, and is very far removed from any situation in which a similar offense could be completed.  The offense, committed over four years ago, is a clear aberration from her otherwise law-abiding and productive life.

B.      **The Need For The Sentence Imposed (18 U.S.C. § 3553(a)(2))**

18 U.S.C. § 3553(a) states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Paragraph (2) states that the court shall consider:

> the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

Here, a six month sentence of probation is warranted for the following reasons.  First, Ms. Amole's total offense level is a 2, which is among the lowest total offense levels counsel has ever seen and fairly reflects the seriousness of the offense.  Second, the stigma of a felony conviction has taken a great personal toll on Ms. Amole, as it does upon most first-time offenders.  Indeed, as noted in the Presentence Report, "Her involvement in the criminal justice system and having a felony

conviction has already been a form of punishment for the defendant." (PSR p. 16.) Further, though Ms. Amole has retired, the conviction would have resulted in her loss of a security clearance and decimated her career, which is an other adequate deterrence to this offense. Coupled with the restrictions imposed by probation at Ms. Amole's age, a six month sentence of probation would afford adequate deterrence. <u>Third</u>, a six month sentence of probation is more than sufficient to protect the public from the risk of further crimes because of Ms. Amole's age, health, retirement, and first-time offender status. <u>Finally</u>, as discussed above, Ms. Amole is involved in an Alzheimer's research study. The best care she can receive would not be facilitated by any sentence beyond probation.

   C. <u>**The Kinds Of Sentences Available (18 U.S.C. § 3553(a)(3))**</u>

Ms. Amole pleaded guilty to a single count of 18 U.S.C. § 1001, which is a class "D" felony and, thus, there is no limitation on the Court's authority to impose a six month sentence of probation.

   D. <u>**The Sentencing Guideline Range (18 U.S.C. § 3553(a)(4))**</u>

Per the plea agreement, Ms. Amole's total offense level is 2 and her criminal history score is zero, which advises a guideline range of 0-6 months. A probational sentence is very appropriate in these circumstances.

   **IV. OTHER CONSIDERATIONS**

In addition to a recommended six month sentence of probation, Ms. Amole's presentence report recommends 50 hours of community service, which can be completed at her church, as well as a $200 fine. Ms. Amole agrees that these terms are fair and appropriate. Ms. Amole would only ask that the Court modify the standard terms of probation so that she may be free to travel

within the District, Washington D.C., and Virginia, which will help to facilitate her healthcare needs—especially the Alzheimer's research study in Fairfax, Virginia.

## V. CONCLUSION

Based on all of the facts set forth above, Ms. Amole asks for a six month sentence of probation as recommended by the Probation Office.

Dated: July 25, 2024

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH, LLP

/s/ Jane C. Luxton
Jane C. Luxton (admitted *pro hac vice*)
jane.luxton@lewisbrisbois.com
Malcolm B. Savage, III, (Fed. Bar. No. 20300)
malcolm.savage@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
2112 Pennsylvania Avenue NW, Suite 500
Washington, DC 20037
Tel. 202.926.2907
Fax 202.558.0654

*Attorneys for Jacqueline Hudson Amole*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of July, 2024, I electronically filed the foregoing **DEFENDANT JACQUELINE HUDSON AMOLE'S SENTENCING MEMORANDUM** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties. I also provided an electronic copy to the Probation Officer, as directed by the court's order of May 16, 2024.

/s/ Jane C. Luxton
Jane C. Luxton